DECISION
{¶ 1} Pursuant to App.R. 26(A), appellee, Franklin County Alcohol, Drug Addiction and Mental Health Board, filed an application seeking reconsideration and clarification of this court's opinion rendered May 16, 2007. Specifically, appellee contends that paragraphs 39 and 46 of this court's earlier opinion need to be clarified to reflect the correct standard under which a court may issue an order permitting hospital employees to *Page 2 
administer antipsychotic drugs against the wishes of an involuntarily committed mentally ill person. Appellant, J.F., has not opposed appellee's application. Because clarification is appropriate, we grant the application for reconsideration to clarify our prior opinion.
 {¶ 2} In addressing the trial court's forced medication orders, we concluded that the evidence met the requirements of the syllabus ofSteele v. Hamilton Cty. Comm. Health Bd. (2000), 90 Ohio St.3d 176, 736 N.E.2d 10. We erroneously quoted paragraph three of the Steele syllabus, which concerns forced medication of patients in the absence of prior court authorization. We should have quoted paragraph six of the syllabus of Steele, in which that court held:
 A court may issue an order permitting hospital employees to administer antipsychotic drugs against the wishes of an involuntarily committed mentally ill person if it finds, by clear and convincing evidence, that (1) the patient does not have the capacity to give or withhold informed consent regarding his/her treatment, (2) it is in the patient's best interest to take the medication, i.e., the benefits of the medication outweigh the side effects, and (3) no less intrusive treatment will be as effective in treating the mental illness.
(Emphasis sic.)
 {¶ 3} To the extent that our prior opinion suggested that our review of the trial court's forced medication orders was governed by any standard other than that quoted above, we clarify that the foregoing three-prong test is the correct standard under which a court may issue an order permitting hospital employees to administer antipsychotic drugs against the wishes of an involuntarily committed mentally ill person, and it is the standard under which we performed our review of the trial court's forced medication orders in this case. *Page 3 
 {¶ 4} Our judgment, affirming the trial court's orders authorizing the administration of psychotropic medication to J.F., is unaffected by the clarification made herein.
Application for reconsideration granted;
 opinion clarified.
 KLATT and FRENCH, JJ., concur. *Page 1